**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOYCE ULCH, *on behalf of the*
*Southeastern Grocers 401(k) Savings*
*Plan, herself, and all others*
*similarly situated*,

     Plaintiff,

                                      Case No. 3:23-cv-1135-TJC-MCR

v.

SOUTHEASTERN GROCERS LLC,
*as Plan Sponsor for Southeastern*
*Grocers 401(k) Savings Plan*,

     Defendant.

---

# **O R D E R**

This case involves alleged mismanagement of a 401(k) retirement plan's recordkeeping fees under the Employee Retirement Income Security Act of 1974 (ERISA). It is before the Court on Defendant Southeastern Grocers LLC ("SEG")'s Amended Motion to Dismiss. (Doc. 29).

## I.    BACKGROUND

SEG is the administrator of a 401(k) retirement savings plan for its employees (the "Plan"). (Id. at 7). As administrator of the Plan, SEG has fiduciary duties under ERISA and must discharge them "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a). Plaintiff Joyce Ulch is an SEG employee and is a current participant in the Plan. (Doc. 15 at 6). She

seeks to bring this case as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and "[a]ll persons who were participants in or beneficiaries of the [Plan] at any time between September 27, 2017, and the present[.]" (Id. at 8). The Plan's recordkeeper, Fidelity Investments Institutional ("Fidelity"), is responsible for specific services for the Plan, and receives both direct and indirect compensation from the Plan. (Id. at 14). Fidelity has been the Plan's recordkeeper for the entire Class Period. (Id. at 24). Ulch alleges that SEG breached its duty of prudence because "the compensation Fidelity extracted from the Plan is excessive in relation to the specific services Fidelity provided to the Plan." (Id.).

Ulch states that the action "seeks to protect the retirement savings of more than 12,000" employees by "restor[ing] to the Plan all losses resulting from [SEG's] breaches of fiduciary duty." (Id. at 1–2). As of December 31, 2021, the Plan had $1,050,695,424 in assets and 12,174 participants with account balances. (Id. at 6). Ulch asserts that because of the Plan's size, it is considered a "mega" plan with "tremendous bargaining power to benefit Plan participants[.]" (Id.).

On September 27, 2023, Ulch filed her initial complaint, but the case was stayed pending completion of extensive administrative processes.[1] On August

---

[1] ERISA plaintiffs must exhaust their administrative remedies before their case can proceed in federal court. See Bickley v. Caremark RX, Inc., 461

7, 2024, the Court lifted the stay and directed the parties to refile their papers. (Doc. 14). A week later, Ulch filed a single-count Amended Complaint (Doc. 15), alleging SEG breached the fiduciary duty of prudence imposed by ERISA. On October 15, 2024, SEG filed an initial Motion to Dismiss and 23 exhibits, for a total of 1,202 pages. (Doc. 17). On January 21, 2025, the Court granted the parties' joint motion to stay the case pending mediation. (Doc. 24). The Court was notified several months later that the mediation was unsuccessful. (Doc. 25). The Court lifted the stay and directed SEG to refile its Motion to Dismiss. (Doc. 26). The case is now before the Court on SEG's Amended Motion to Dismiss (Doc. 29) and Ulch's response thereto. (Doc. 30).

## II.     LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

---

F.3d 1325, 1330 (11th Cir. 2006).

Here, the parties do not dispute that the administrative process is complete, so exhaustion is not in issue. (Docs. 15 at 8; 29 at 12). As a result, the Court declines to consider SEG's arguments that Ulch failed to make meaningful use of the earlier administrative proceedings and that this further demonstrates the implausibility of her claims. (Doc. 29 at 27).

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At the motion to dismiss stage, the Court construes the complaint broadly and views the allegations in the light most favorable to the plaintiff. Levine v. World Fin. Network Nat'l Bank, 437 F.3d 1118, 1120 (11th Cir. 2006) (citations omitted); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994) (citation omitted).

## III.    THE SCOPE OF THE RECORD

When ruling on a motion to dismiss, the Court "is generally limited to reviewing what is within the four corners of the complaint" and attachments thereto which are undisputed and central to the claim. St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

SEG urges the Court to consider the exhibits attached to its initial motion (Doc. 17), including an attorney declaration, overviews of the Plan, Form 5500 reports,[2] and documents from the earlier administrative process. (Doc. 29 at 18, 27). Ulch objects to the consideration of these exhibits at the motion to dismiss stage, arguing that SEG "is asking the Court to weigh evidence and

---

[2] A Form 5500 is a mandatory annual disclosure report to the U.S. Department of Labor. (Doc. 15 at 26).

4

make factual determinations about disputed facts and to decide those disputed facts in Defendant's favor at the dismissal stage." (Doc. 30 at 8). Ulch emphasizes that "[t]his tactic has been repeatedly rejected by judges across the country in similar actions – including in this District[.]" (Id.). Consideration of the exhibits would be improper, Ulch contends, because none of the exhibits were attached to her complaint, "virtually" none of them are referenced in her complaint, and none are central to her single claim. (Id. at 9).

The Court agrees. After reviewing the exhibits, the Court finds that the facts in many of them—especially in the administrative proceeding files—remain disputed. SEG improperly references these exhibits to refute the facts Ulch alleges in her complaint, attempting to expand the appropriate record before the Court on its motion to dismiss. See Cannarozzo v. Nemours Found., No. 3:23-cv-136-BJD-LLL, 2025 WL 1276809, *3 (M.D. Fla. Jan. 17, 2025), report and recommendation adopted, 2025 WL 1276805 (M.D. Fla. Mar. 26, 2025) ("Many of these documents are the type of evidence that are used in motions for summary judgment or submitted at trial. Although these documents may hold relevance at a later stage of the proceeding, and even resolve genuine issues of material fact, a motion to dismiss is not the juncture to settle such a dispute."); see also Huang v. TriNet HR III, Inc., No. 8:20-cv-2293-VMC-TGW, 2022 WL 93571, *4–5 (M.D. Fla. Jan. 10, 2022) (declining to

take judicial notice of administrative record on a motion to dismiss in an ERISA case).

At this stage of the proceedings, the Court declines to expand the record beyond what Eleventh Circuit precedent permits. Accordingly, in ruling on SEG's motion, the Court will consider only the exhibits referenced in Ulch's Amended Complaint. See Cannarozzo, 2025 WL 1276809, at *3.

## IV.    ANALYSIS

Under ERISA, a fiduciary is required to act with "prudence" in administering the plan. See § 1104(a)(1)(B) (requiring fiduciaries to discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims"). ERISA permits plan participants and beneficiaries to sue fiduciaries for breach of their duties. § 1132(a)(2).

In its motion to dismiss, SEG argues that Ulch's complaint fails to state a claim based on direct and indirect compensation. (Doc. 29 at 14, 23, 25). Ulch responds that SEG's motion turns on disputed facts and the Amended Complaint states a plausible claim for breach of the duty of prudence. (Doc. 30 at 9, 15).

Viewing Ulch's direct compensation allegations in the light most favorable to her, the Court finds them plausible. Notwithstanding SEG's

6

arguments to the contrary, Ulch has provided five comparable benchmarks of similar retirement plans with substantially lower reported recordkeeping fees than the Plan at issue here. By doing so, she has pled factual content that allows the Court "to draw the reasonable inference" that SEG breached its fiduciary duty under ERISA by allowing Fidelity to receive excessive direct compensation. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. Therefore, SEG's motion to dismiss Ulch's claim, as it pertains to direct compensation, is due to be denied.

In addition to direct compensation, Ulch alleges Fidelity receives indirect compensation in two main ways: "First, Fidelity receives compensation via 'float' on Plan participant money. Second, Fidelity collects compensation on the money invested in the Plan through a practice known as revenue sharing." (Doc. 15 at 15).

Although SEG raises some important questions about the strength of Ulch's indirect compensation arguments, these questions cannot be decided on a motion to dismiss. As the Supreme Court has clearly stated, "[b]ecause the content of the duty of prudence turns on 'the circumstances . . . prevailing' at the time the fiduciary acts . . . the appropriate inquiry will necessarily be context specific." Hughes v. Northwestern. Univ., 595 U.S. 170, 177 (2022) (quoting Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409, 425 (2014)); see also Cannarozzo v. Nemours Found., No. 3:23-cv-136-BJD-LLL, 2025 WL

7

1276809, at *6 (M.D. Fla. Jan. 17, 2025), <u>report and recommendation adopted</u>, 2025 WL 1276805 (M.D. Fla. Mar. 26, 2025) (a similar case in which the court stated: "A motion to dismiss, where the Court must assume the allegations as true without the context of discovery, is not the appropriate stage to undertake this context-specific analysis."); <u>id.</u> at *6–7 (collecting similar cases throughout the country). Viewing the Amended Complaint broadly, it is plausible that SEG breached its duty of prudence by failing to monitor Fidelity's float and revenue sharing income. Consequently, SEG's motion to dismiss Ulch's claim, as it relates to indirect compensation, is also due to be denied.

* * *

The Court emphasizes that it makes no prediction on how this case will ultimately be decided on the merits. However, having concluded that Ulch has pled a plausible claim for relief based on Fidelity's direct and indirect compensation from the Plan, it is hereby

**ORDERED:**

1.  Defendant Southeastern Grocers LLC's Amended Motion to Dismiss (Doc. 29) is **DENIED**.

2.  No later than **May 27, 2026**, Defendant Southeastern Grocers LLC must answer Plaintiff Joyce Ulch's First Amended Class Action Complaint. (Doc. 15).

8

3.      Also no later than **May 27, 2026**, the parties must file a joint Case

Management Report (CMR) pursuant to Local Rule 3.02.

**DONE AND ORDERED** in Jacksonville, Florida the 6th day of May,

2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

9